IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SHELBY LEROY CHISHOLM, #149105                          PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:22-cv-98-DCB-BWR

STATE OF MISSISSIPPI                                        RESPONDENT

<u>ORDER</u>

      This matter comes before the Court on Petitioner's Response [8] to the Order to Show Cause. Liberally construing Petitioner's Response [8] filed on March 13, 2023, he requests that the Court reconsider the Order [6] entered on January 19, 2023, denying his Motions [2] [4] to Proceed *In Forma Pauperis* (IFP). As discussed below, the Court construes Petitioner's Response [8] as a Motion filed pursuant to Federal Rules of Civil Procedure 54(b) and it will be denied.

      Rule 54(b) of the Federal Rules of Civil Procedure provides that an interlocutory order, such as the Order [6] at issue here, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b). Petitioner's Response [8] therefore will be construed a Motion filed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A document filed *pro se* is 'to be liberally construed[.]'"); *see also Hernandez v. Thaler*, 630 F.3d 420, 427 n.27 (5th Cir. 2011) (noting that Court must consider the "substance of the relief, not a label" to determine the "true nature" of the pleading).

      Rule 54(b) provides the Court with the inherent power to "reconsider and reverse its prior rulings on any interlocutory order 'for any reason it deems sufficient.'" *United States v. Renda*,

709 F.3d 472, 479 (5th Cir. 2013) (quoting *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010).   Such authority, however, "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."   *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (citations omitted).

The Court has reviewed and considered Petitioner's Motion/Response [8].   At the time Petitioner filed his last IFP Motion [4] on January 13, 2023, his inmate account balance was $101.92 and he stated that he had no financial obligations.   Pet'r's Mot. [4] at 2.   Based on that, the Court determined that Petitioner could afford to pay the $5.00 filing fee "without undue hardship or deprivation of the necessities of life" and denied Petitioner's IFP Motions [2] [4].   *See* Order [6] at 1–2.   Petitioner's Motion/Response [8], which is dated more than six weeks after the Court's Order [6] was entered on January 19, 2023, does not offer any reason other than Petitioner was "depending on a family member to pay the required filing fee, since he didn't have the $5.00 [ ] filing fee" in support of his request that he should be granted IFP status.   *See* Motion/Response [8] at 2.   Clearly, Petitioner had the money to pay the $5.00 filing fee on January 13, 2023, and therefore, the Court's decision to deny Petitioner's IFP Motions was correct.   *See* Order [6] at 1–2.   Petitioner's Motion/Response [8] is denied.

Petitioner however will be granted an extension of time to comply with the Order [6] entered on January 19, 2023, by paying the $5.00 filing fee within 30 days from the entry date of this Order.   Accordingly, it is

**ORDERED AND ADJUDGED** that, Petitioner's Response [8] is construed as a Motion filed pursuant to the Rule 54(b) of the Federal Rules of Civil Procedure concerning the Court's Order [6] denying Petitioner's Motions to Proceed *In Forma Pauperis*.

**IT IS FURTHER ORDERED AND ADJUDGED** that, Petitioner's Motion [8] filed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that, Petitioner is granted an extension of time to comply with the Order [6] entered on January 19, 2023, specifically, Petitioner is granted 30 days from the entry date of this Order to pay the $5.00 filing fee.

Petitioner is warned that failure to comply with this Order or failure to advise the Court of a change of address may result in the dismissal of the instant civil action without further notice to Petitioner.

SO ORDERED, this the   12th   day of April, 2023.

s/David Bramlette
UNITED STATES DISTRICT JUDGE